IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CASEY HAWK,**  CASE NO. 3:25 CV 1090

    Plaintiff,

    v.  JUDGE JAMES R. KNEPP II

**LOGISTIQ,**

    Defendant.  MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Currently pending before the Court is Defendant LogistiQ Integration Solutions, LLC's[1] Motion to Dismiss (Doc. 6) Plaintiff Casey Hawk's Complaint (Doc. 1). Plaintiff opposes (Doc. 10), and Defendant replies (Doc. 11). Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons discussed below, Defendant's Motion to Dismiss is granted, without prejudice to Plaintiff filing a motion for leave to amend.

### BACKGROUND

Plaintiff's Complaint states, in its entirety:

1. Plaintiff, an Ohio resident, was hired as a Senior Manufacturing Manager for Defendant company on July 24, 2023.

2. Defendant is a manufacturing entity located in Port Clinton.

3. Plaintiff is handicapped, a fact that was known to the Defendant. Plaintiff's disabilities include post-traumatic stress disorder, anxiety and irritable bowel syndrome. His disability was recognized by the military at a rate of 60%. After several months he realized certain conditions in the plant were affecting his disabilities. His request for accommodation to alleviate the impacts on him was reasonable – a private office which would reduce the noise in the background

---

1. Plaintiff named Defendant as simply "LogistiQ". Defendant identifies itself by its full name.

    making it easier for him to perform his duties. Moreover, the private offices are located closer to the bathrooms which is significant in connection with his IBS condition. He also asked that there be a flex schedule to allow him to work from home or remotely as needed. None of these requests were ever discussed.

4. On September 22, 2023 Plaintiff was terminated as an employee of Defendant. The reason given to him was that he was not a "culture fit." Plaintiff notes that during his training to be a manager for Defendant, he was told that all terminations "should be explained as a failure to fit the culture." Plaintiff believes that his termination was because of his efforts to assert his right to a reasonable accommodation.

6. On July 17, 2024 a Charge of Discrimination was filed with the Equal Employment Opportunity Commission. A copy is attached as Exhibit A.[2]

7. Subsequently on March 12, 2025 he received Notice of his Right to Sue. (See Exhibit B). Accordingly, this Complaint is timely filed.

    WHEREFORE, Plaintiff prays judgment against Defendant for its discrimination against him based on his handicap in violation of the Americans with Disabilities Act of 1990 as amended. Plaintiff seeks a judgment in excess of $75,000 plus reasonable attorney fees and costs.

(Doc. 1). In the attached EEOC Charge of Discrimination, Plaintiff checked a box indicating disability discrimination and stated: "I was hired as a Senior Manufacturing Manager on July 24, 2023. On September 11, 2023, I requested a reasonable accommodation. On September 22, 2023, the Director of Manufacturing terminated me. I believe I was terminated because of my disability." (Doc. 1-1).

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of

---

2. The numbered paragraphs in the Complaint skip from 4 to 6.

the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

## DISCUSSION

Defendant argues Plaintiff's Complaint fails to provide fair notice of the claims asserted. First, it argues the Complaint "alleges only facts and does not identify any specific counts or causes of action" which prevents it from properly asserting affirmative defenses. (Doc. 6, at 5-6). Second, it argues, to the extent Plaintiff is attempting to assert an ADA discrimination case, he has failed to plead facts in support of the elements of such a claim. *Id.* at 6-9.

Defendant is correct that the Complaint does not identify a specific cause of action after setting forth facts. Rather, it simply states Plaintiff is seeking "judgment against Defendant for its discrimination against him based on his handicap in violation of the [ADA] as amended." (Doc. 1, at 3). But many types of claims are available under the ADA, and Plaintiff has not made explicit which one (or more) he intends to assert. The Court agrees with Defendant that the Complaint is insufficient to put Defendant on notice of the claims being brought. *See Ward v. Alcar Recovery*, 2024 WL 69810, at *1 (E.D. Mich.) ("The current complaint contains no counts, and therefore, Defendants could not properly separate causes of action or counts in a manner that would enable them to state their separate defenses.") (citing Fed. R. Civ. P. 10(b)).

However, Plaintiff's Complaint, combined with the attached EEOC filing and his opposition brief suggests that he may be able to state a claim. Thus, as the court did in *Ward* (the case upon which Defendant relies), this Court will dismiss Plaintiff's Complaint without prejudice and permit Plaintiff to file a motion for leave to amend the Complaint, with the proposed amended complaint attached. *See Ward*, 2024 WL 59810, at *2; Fed. R. Civ. P. 15(a)(2).[3]

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 6) be, and the same hereby is, GRANTED, and Plaintiff's Complaint is DISMISSED without prejudice; and it is

FURTHER ORDERED that Plaintiff is granted leave to file a Motion for Leave to Amend (with proposed amended complaint attached), on or before **November 14, 2025**. Deadlines for opposition and reply thereto shall be governed by the Court's Local Rules.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: November 4, 2025

---

3. Because the Court grants Defendant's motion on this basis and finds the Complaint does not provide notice of the cause or causes of action asserted, it does not reach Defendant's arguments regarding whether the elements of one specific type of ADA claim are pled.